IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| EARL OSBORNE and <br> FREDA OSBORNE, his wife, <br><br> Plaintiffs, <br><br> v. <br><br> COLUMBIA HELICOPTERS, Inc., *et al.*, <br><br> Defendants. | Civil Action No. 1:08-00305 |

**MEMORANDUM OPINION AND ORDER**

The following Motions are pending: (1) Plaintiffs' Motion for Protective Order filed on June 5, 2009 (Document No. 78.); (2) Defendant Columbia Helicopters, Inc.'s [Columbia's], Motion for Leave to Extend Duration of Plaintiff Mr. Osborne's Deposition filed on June 17, 2009 (Document No. 85.); and Columbia's Motion to Compel Discovery filed on July 10, 2009 (Document No. 100.).Having examined the record in these regards, the Court denies Plaintiffs' Motion for Protective Order and grants Columbia's Motion to Extend the Duration of Mr. Osborne's Deposition.

**FACTUAL AND PROCEDURAL BACKGOUND**

On March 18, 2008, Plaintiffs filed an Amended Complaint in the Circuit Court of McDowell County, West Virginia, naming Columbia and Wagner Forest Management, Ltd. [Wagner], as Defendants.[1] Plaintiffs allege that Wagner owned and/or controlled real property in McDowell County and employed Columbia to clear cut timber there. Plaintiffs allege that Defendants cut trees such that they fell into, leaned against, and were hung up in other trees and dead limbs were hanging overhead. Plaintiffs allege that on or about March 7, 2006, Mr. Osborne sustained severe and

---

[1] A copy of Plaintiffs' Amended Complaint is attached to Columbia's Notice of Removal. (Document No. 1.)

permanent injuries to his neck and back while in the course of his employment as a timber cutter with Columbia when a large tree limb fell on him as he was cutting trees. Plaintiffs claim that (1) Columbia deliberately created an unsafe work condition with a high risk of serious injury or death and required Mr. Osborne to work in it; (2) Wagner was negligent in failing to provide Mr. Osborne with a reasonably safe place to work; (3) Wagner is vicariously liable for Columbia's actions; (4) the doctrine of strict liability applies to Wagner; and (5) loss of consortium. Columbia filed a Notice of Removal on May 12, 2008. (Document No. 1.) Columbia filed an Answer to Plaintiffs' Complaint denying Plaintiffs' allegations (Document No. 7.) Wagner filed an Answer and Crossclaim against Columbia also denying Plaintiffs' allegations. (Document No. 9.) Wagner also filed a Motion to Dismiss Plaintiffs' strict liability claim. (Document No. 10.) On June 16, 2008, Plaintiffs filed a Motion to File a Second Amended Complaint to include Prime Timber Company, LLC [Prime Timber], and Bluefield Timber, LLC [Bluefield Timber], as Defendants. (Document No. 12.) By Memorandum Opinion and Order filed on August 12, 2008, the District Court granted Wagner's Motion to Dismiss Plaintiffs' strict liability claim against it and Plaintiffs' Motion to file a Second Amended Complaint. (Document No. 20.) Plaintiffs filed their Second Amended Complaint on August 20, 2008. (Document No. 21.) Plaintiffs claim that (1) Columbia deliberately created an unsafe work condition with a high risk of serious injury or death and required Mr. Osborne to work in it; (2) Prime Timber, Wagner, and/or Bluefield Timber were negligent in failing to provide Mr. Osborne with a reasonably safe place to work; (3) Prime Timber is vicariously liable for Columbia's actions; and (4) loss of consortium. Prime Timber, Bluefield Timber, and Wagner filed Answers to Plaintiffs' Second Amended Complaint and Crossclaims against Columbia. (Document Nos. 31 - 33.) Columbia filed an Answer to Plaintiffs' Second Amended Complaint and the Crossclaims on January 30, 2009. (Document Nos. 42 - 45.) Plaintiffs filed a Motion to File a Third Amended Complaint to

Conform to Evidence on May 19, 2009. (Document No. 74.) Plaintiffs propose to add a claim of common law negligence against Columbia based upon evidence that Columbia did not subscribe to Workers' Compensation for its West Virginia employees. Columbia has filed a Memorandum in Opposition to Plaintiffs' Motion. (Document No. 76.) On June 29, 2009, the parties filed a Joint Stipulation of Voluntary Dismissal of Ms. Osborne's Civil Action with prejudice. (Document No. 90.)

## THE PENDING MOTIONS

On June 5, 2009, Plaintiffs filed a Motion for Protective Order prohibiting Columbia from continuing Mr. Osborne's deposition beyond the seven hour time limit prescribed by Federal Rule of Civil Procedure 30(d)(2) and from taking Ms. Osborne's deposition as noticed on June 10, 2009, when Plaintiffs' counsel could not attend. (Document No. 78.) Plaintiffs state that Mr. Osborne was deposed for a full day on April 27, 2009. At the end of the day, Columbia's attorney stated that he needed to depose Mr. Osborne for an additional day or more. Plaintiffs' attorney objected. In discussions thereafter, Plaintiffs' attorney proposed the continuance of Mr. Osborne's deposition for four more hours and sent a letter to Columbia's attorney stating so. Columbia's attorney did not agree and noticed Mr. Osborne's deposition for June 8, and Ms. Osborne's deposition for June 10, 2009.

On June 17, 2009, Columbia filed a Motion for Leave to Extend Duration of Mr. Osborne's Deposition for an additional 1½ days. (Document No. 85.) Columbia indicates that Mr. Osborne's deposition was taken after Columbia received Plaintiffs' responses to its interrogatories and requests for production of documents. During Mr. Osborne's deposition, Columbia learned that Plaintiffs' discovery responses were inaccurate and incomplete. (Id., p. 2.) Columbia states that at Mr. Osborne's deposition, it was "stunned to learn Plaintiffs' discovery responses were inaccurate, incomplete and had, in fact, not even been completed by Plaintiffs themselves as required by

3

Fed.R.Civ.P. 33. Plaintiff . . . testified he had not seen the interrogatories. Plaintiff . . . did not remember being asked for information in response to several interrogatories. Plaintiff . . . was never asked to review the responses to Columbia's interrogatories and verify their accuracy." (Id.) Columbia states that Mr. Osborne "testified to a significant number of prior injuries, prior employers, medical providers, witnesses, and facts which were not disclosed in Plaintiff's responses to Columbia's (and the other defendants') discovery requests. In addition to simply omitting significant, relevant information from their responses, much of the information Plaintiffs did provide in their written responses was simply false." (Id., p. 4.) Columbia indicates that much time was expended in deposing Mr. Osborne on April 27, 2009, in questioning Mr. Osborne about information requested in written discovery, and Mr. Osborne's responses including information about Mr. Osborne's prior injuries, medical providers, work history, and training. Additionally, Columbia states that Mr. Osborne tended to ramble in answering questions during his deposition. Thus, Columbia asserts that it was not able to fairly examine Mr. Osborne and should be allowed an additional 1½ days to do so.

On June 19, 2009, Columbia filed a Response to Plaintiffs' Motion for a Protective Order and an Amended Notice of Deposition of Ms. Osborne scheduling the deposition for later in the afternoon on July 2, 2009. (Document Nos. 86 and 87.) In its Response, Columbia asserts that the issues raised in Plaintiffs' Motion for a Protective Order are moot because the dates which Columbia noticed for Plaintiffs' depositions passed and the depositions were not taken and Columbia filed its Motion to Extend the Duration of Mr. Osborne's Deposition pursuant to Rule 30(d).

On June 22, 2009, Plaintiffs filed a Response in Opposition to Columbia's Motion to Extend the Duration of Mr. Osborne's Deposition. (Document No. 88.) Plaintiffs acknowledge that "through an oversight on the part of plaintiff's counsel, a verification was not signed for the discovery responses." (Id., p. 5.) Plaintiffs indicate that Columbia requested information in written discovery

4

respecting the doctors, hospital, and medical providers who treated Mr. Osborne and Mr. Osborne's employment history for ten years prior to the accident and medical reports and records from any injuries which Mr. Osborne suffered over the five year period before the accident. Plaintiffs assert that Mr. Osborne has provided information through his responses to written discovery and his deposition testimony in all of these regards going back well beyond the periods of time specified in the written discovery. Plaintiffs further assert that Mr. Osborne has testified respecting inaccuracies in his responses to written discovery and states "[t]o require the plaintiff to undergo any further testimony would only be to subject him to unreasonably cumulative and duplicative questioning in violation of Rule 26(b)(1)(A) of the Federal Rules of Civil Procedure." (Id., p. 7.) Plaintiffs state that "the defendant has had ample opportunity to question Mr. Osborne and clear up any minor inconsistencies in his discovery responses by way of sworn testimony. Mr. Osborne has been required to testify at length regarding his injuries and work history from 1972 until the date of his present injury. To allow further testimony, especially for the additional day and a half requested by defendant Columbia Helicopters, would not only subject the plaintiff to undue burden and further pain from sitting an additional eleven hours, but it would only result in rehashing ground already covered in his . . . deposition, which is the specific reason a limitation was placed on the duration of depositions." (Id., p. 8.) Thus, Plaintiffs contend that Columbia has failed to show good cause why Mr. Osborne's deposition should continue for another 1½ days as the Rules anticipate. (Id., p. 9.)

On July 1, 2009, Columbia filed a Reply to Plaintiffs' Response to its Motion to Extend the Duration of Mr. Osborne's Deposition. (Document No. 93.) Columbia states that while certain discovery requests sought information for a five and ten year period prior to Mr. Osborne's accident, other discovery requests were not limited in this manner, and Columbia found during Mr. Osborne's deposition that they were not fully answered. (Id., p. 3.) Columbia indicates that much time was spent

during Mr. Osborne's deposition in questioning respecting information which Plaintiffs should have provided in their responses to Columbia's written discovery, and Columbia needs to inquire further about that information and the circumstances surrounding Mr. Osborne's accident, injuries, and claims in this case. Thus, Columbia asserts that good cause exists for extending Mr. Osborne's deposition so that Columbia may "fairly examine Mr. Osborne about his allegations, injuries and damages . . . and because the circumstances of this case do not warrant prohibiting the request under the Rule 26(b)(2) factors." (Id., p. 5.)

On July 10, 2009, Columbia filed a Motion to Compel Discovery. (Document No. 100.) Columbia requests that the Court compel Plaintiffs to provide complete, accurate, and verified responses to its First Set of Interrogatories and Request for Production of Documents. Columbia states that "Defendants object to each and every interrogatory response in that they were not answered in accordance with Fed.R.Civ.P. 33(b)", and takes issue specifically with Plaintiffs' responses to its Interrogatory Nos. 1 through 5, 9, 10, 15, and 18 and its Requests for Production of Document Nos. 8, 9, and 10. Columbia further requests that the Court award its attorneys fees and costs incurred in requesting that the Court compel Plaintiffs to respond to its written discovery. It appears from a copy of a Certificate of Service filed on July 14, 2009, that Plaintiffs have provided Supplemental Responses to Columbia's First Set of Interrogatories and Requests for Production of Documents. (Document No. 101.) It remains for Plaintiffs to file a response to Columbia's Motion to Compel.

### DISCUSSION

**A.  Plaintiffs' Motion for Protective Order and Columbia's Motion for Leave to Extend Duration of Plaintiff Mr. Osborne's Deposition.**

Federal Rule of Civil Procedure 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time

6

consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Thus, Rule 30(d)(1) establishes the presumptive length of a deposition and requires the Court to order that a deposition exceed that length under certain circumstances. The Advisory Committee Notes state that "[t]he party seeking a court order to extend the examination . . . is expected to show good cause to justify such an order." The Advisory Committee Notes indicate that the duration of depositions may be extended if there will be inquiry respecting events which occurred over a long period of time and when information requested has not been produced. Rule 26(b)(2)(C) indicates other factors which the Court must consider in determining whether to permit a deposition to exceed the Rule 30(d)(1) "1 day of 7 hours" limit including whether

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; and
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Courts have permitted depositions to exceed the "1 day of 7 hours" limit when there has been an untimely disclosure of information. <u>Estrada v. First Transit, Inc.</u>, 2008 WL 1744567 (D.Colo.); <u>City of Raton v. Arkansas River Power Authority</u>, 2009 WL 1300798, * 7 - 8 (D.N.M.).

Good cause exists for the extension of Mr. Osborne's deposition. It is not disputed that Plaintiffs submitted unverified, incomplete, and inaccurate responses to Columbia's written discovery. Rule 26(g)(1) provides that

> . . . every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . .. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
> \* \* \*

7

    (B)    with respect to a discovery request, response, or objection, it is:

  (i)  consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

  (ii)  not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

  (iii)  neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Federal Rule of Civil Procedure 33(b)(1)(A) states that interrogatories must be answered "by the party to whom they are directed[.]" Rule 33(b)(5) states respecting answers to interrogatories that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." The Court requires strict adherence to these Rules. Saria v. Massachusetts Mutual Life Insurance Company, 228 F.R.D. 536, 538 (S.D. W.Va. 2005). Unverified answers to interrogatories are not in conformity with the Rules and have no evidentiary value. Incomplete answers or responses "must be treated as a failure to . . . answer, or respond." Fed.R.Civ.P. 37(a)(4). Because Plaintiffs' responses to Columbia's Interrogatories were unverified and incomplete and inaccurate in certain respects, Columbia's attorney found it necessary to inquire at Mr. Osborne's deposition respecting basic information which he would have had if Plaintiffs had responded fully and completely to Columbia's written discovery. As a consequence, Columbia did not have a full opportunity to examine Mr. Osborne respecting all of the information which might properly be considered in his discovery deposition. Another important consideration is that Mr. Osborne is the Plaintiff in this matter. In view of his claims of liability and damages, it is reasonable to expect that Defendants would take more time in deposing him than they would with a non-party witness to his alleged accident. The Court will therefore allow Columbia an additional "1 day of 7 hours" to depose Mr. Osborne. The Court finds that, while this is not all of the time Columbia requested in seeking an extension of Mr. Osborne's deposition, an additional "1 day of 7 hours" is sufficient time to complete

Mr. Osborne's deposition as long as Plaintiffs have provided verified, full, and complete answers to Columbia's written discovery and Columbia's counsel's questioning is not unreasonably cumulative or duplicative.

### B. Columbia's Motion to Compel Discovery.

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37 (a)(5)(A) – (C) provide as follows:

> (A) If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> - (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> - (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> - (iii) other circumstances make an award of expenses unjust.
>
> (B) If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
> (C) If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

It does not appear that Columbia included a certification as required under Rule 37(a)(1), and as noted above, it appears that Plaintiffs have submitted Supplemental Responses to Columbia's written discovery. Under these circumstances, the Court will require Columbia to inform the Court promptly whether Plaintiffs' have now provided full and complete responses to its First Set of Interrogatories

9

and Request for Production of Documents in conformity with the Federal Rules of Civil Procedure and/or what attempts have been made to facilitate them without Court involvement. The Court will further require that Plaintiffs respond to Columbia's Motion to Compel within the time frame established by the Rules.

It is therefore hereby **ORDERED** that Plaintiffs' Motion for Protective Order (Document No. 78.) is **DENIED** and Columbia's Motion for Leave to Extend Duration of Plaintiff Mr. Osborne's Deposition (Document No. 85.) is **GRANTED**. Mr. Osborne's deposition shall continue after Plaintiffs have provided verified, full and complete answers to Columbia's written discovery for no longer than an additional "1 day of 7 hours". It is further **ORDERED** in view of Columbia's Motion to Compel (Document No. 100.) that Columbia's counsel shall inform the Court promptly whether Plaintiffs' have now provided full and complete responses to its First Set of Interrogatories and Request for Production of Documents in conformity with the Federal Rules of Civil Procedure and/or what attempts have been made to facilitate them without Court involvement. Plaintiffs shall respond to Columbia's Motion to Compel within the time frame established by the Rules.

The Clerk is directed to deliver a copy of this Memorandum Opinion and Order to counsel of record.

ENTER: July 20, 2009.

R. Clarke VanDervort
United States Magistrate Judge